UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Victoria Kosyan, individually and on behalf of all others similarly situated;<br><br>　　　　　　　　　　Plaintiff,<br><br><br><br>　　-v.-<br><br>TSG Collections, LLC<br>.<br><br>　　　　　　　　　　Defendant(s). | Civil Action No: 1:21-cv-1320<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Victoria Kosyan (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through his attorneys, Horowitz Law, PLLC, against Defendant TSG Collections, LLC  (hereinafter "Defendant" or "TSG" or "Defendant TSG") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

　　1.　　Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy."

1

*Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws "were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

2

7. Plaintiff is a resident of the State of New York, County of Queens.

8. Defendant TSG is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and may be served at its principal place of business located at 20 N Van Brunt Street, Suite 10, Englewood, NJ 07631.

9. Upon information and belief, Defendant TSG is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    1) all individuals with addresses in the State of New York;

    2) to whom Defendant TSG sent an initial collection letter attempting to collect a consumer debt;

    3) that failed to properly identify and name the current creditor to whom the debt is allegedly owed;

    4) and that overshadowed the G-Notice.

    5) Which letter was sent on or after one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and §1692g.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  1) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

  2) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue

is whether the Defendants' written communication to consumers, in the forms attached as Exhibit A violate 15 USC §l692e and §1692g.

3) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

4) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

5) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to March 12, 2020 an obligation was allegedly incurred by Plaintiff.

21. The obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

22. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23. CCA MedSpa contracted with Defendant TSG to collect the obligation.

24. Defendant TSG collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation March 12, 2020 Collection Letter*

25. On or about March 12, 2020, the Defendant TSG sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt. **See Collection Letter – Attached hereto as Exhibit A.**

26. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as a "G-Notice", which must include the following information:

1) the amount of the debt;

2) the name of the creditor to whom the debt is owed;

3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

27. While the March 12, 2020 letter contains the requisite "G-Notice" language, it is deficient in that it fails to identify the current creditor to whom the debt is owed and is also completely overshadowed by the earlier statements in the letter.

28. Specifically, the Letter threatens Plaintiff by demanding payment "before further action is taken" with the implication that the further action will be taken even during the thirty (30) day validation period, clearly overshadowing Plaintiff's right to dispute and receive validation of the debt pursuant to the "G-Notice."

29. Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory

fashion so as to cloud the required message with uncertainty." <u>Russel v. Equifax A.R.S.</u>, 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer—Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights…. violates the Act. "<u>Russell</u>, 74 F.3d at 34.

30. Coercing payment of the alleged debt in the same letter with the "G-Notice" is confusing and overshadows Plaintiff's right to dispute or request validation of the debt under the Fair Debt Collections Practices Act, because the least sophisticated consumer would believe she had to make immediate payment of the alleged debt, otherwise face the ominous threat that "further action will be taken."

31. Threating language such as the Letter contains, requires the consumer to make a choice of immediate payment or to dispute the debt and be subject to the "further action" promised.

32. Therefore, the consumer can easily be coerced into paying the alleged debt immediately so as to avoid the risk of the uncertain "further action". Therefore, Defendants Letter directly affects the consumer's right to dispute within 30 days by pressuring Plaintiff to quickly pay the alleged debt and thereby not affording her the requisite 30-day validation period.

33. Furthermore, Defendant's Letter did not contain the requirements of the "G-Notice" to adequately notify Plaintiff of the name of the creditor to whom the debt is owed. Specifically, this Letter deceptively fails to properly identify who the current creditor is to whom the alleged debt is owed.

34. The Letter contains a heading as follows:

    Re:        CCA MedSpa
                  Account #          xxxxxx

        Patient:        Victoria Kosyan
        Total Balance:    $650.00

35. The Plaintiff has no way of knowing who the current creditor is from the Letter, and is damaged because she cannot make an informed decision regarding the debt without knowing the identity of the current creditor.

36. It is deceptive to not clearly state who the creditor is in any collection letter sent to a consumer.

37. Mere illusions are not enough, but the Letter must specifically and clearly state who the creditor is.

38. Defendant has failed to provide the consumer with a proper initial communication letter by failing to clearly identify the current creditor of the debt.

39. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant TSG's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. Defendant TSG violated said section by:

      a.      Making a false and misleading representation in violation of § 1692e(10).

44.      By reason thereof, Defendant TSG is liable to Plaintiff for judgment that Defendant TSG's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

45.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46.      Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provision of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

47.      Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

48.      Defendant violated this section by threating the Plaintiff of "further action" during the thirty-day validation and dispute period provided to consumers under the FDCPA.

49.      By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated 15 U.S.C. § 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

50.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Defendant TSG's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

52. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the name of the creditor to whom the debt is owed. §1692g(a)(2).

53. Defendant violated this section by unfairly failing to advise Plaintiff as to the identity of the current creditor who was attempting to collect a debt from her.

54. Furthermore, pursuant to 15 U.S.C. § 1692g, any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

55. Defendant violated this section by overshadowing Plaintiff's right to dispute the debt during the entire 30-day period through threating Plaintiff of "further action" if the alleged debt was not paid.

56. By reason thereof, Defendant TSG is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

57. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Victoria Kosyan, individually and on behalf of all others similarly situated, demands judgment from Defendant TSG as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 11, 2021

Horowitz Law, PLLC

/s/ *Uri Horowitz*
By: Uri Horowitz
14441 70th Road
Flushing, NY 11367
Phone: (718) 705-8706
*Attorneys For Plaintiff*